IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

THE MEDICAL PROTECTIVE
COMPANY,

    Plaintiff,

vs.                                                 Case No.:

JUNE LADNER, LLC, JUNE LADNER, and
DENISE SULLIVAN, as Personal Representative of the
Estate of MARGOT CACCIATORE,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, THE MEDICAL PROTECTIVE COMPANY ("MedPro"), by and through its undersigned counsel, files this Complaint for Declaratory Relief against the Defendants, JUNE LADNER, LLC ("the LLC"), JUNE LADNER ("Ladner"), and DENISE SULLIVAN, as Personal Representative of the Estate of MARGOT CACCIATORE (the "Estate") and states as follows:

## PRELIMINARY STATEMENT

1. This is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties with respect to two insurance policies issued by MedPro to Ladner.

2. MedPro seeks a judgment declaring that it has no duty to defend or indemnify the LLC and Ladner with respect to the claims being asserted against them by the Estate in the underlying lawsuit pending in Palm Beach County, Florida. The underlying case is styled *Denise Sullivan, as Personal Representative of the Estate of Margot Cacciatore v. June Ladner LLC, June Ladner and Julie-Ann Glenn*, Case No. 50-2023-CA-009242-XXXX-MB, in the Circuit Court of

1

the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Underlying Lawsuit"). A true and correct copy of the Amended Complaint, which is the current operative pleading, is attached as **Exhibit 1**.

## PARTIES, JURISDICTION AND VENUE

3. The Plaintiff, MedPro, is an insurer incorporated in the State of Indiana with its principal place of business in Fort Wayne, Indiana.

4. The LLC is, and was at all times material hereto, a limited liability company formed under the laws of Florida with its principal place of business in Boynton Beach, Florida.

5. At all times material, June Ladner was the sole manager-member of the LLC and is a citizen of Florida.

6. Ladner is, and was at all times material hereto, a resident and citizen of Florida.

7. Prior to her death, Margot Cacciatore was a resident and citizen of Florida. Denise Sullivan in her capacity as the Personal Representative of the Estate of Margot Cacciatore is, and was at all times material hereto, deemed a citizen of Florida per 28 U.S.C. § 1332(c)(2).

8. Complete diversity of citizenship exists between Plaintiff MedPro (Indiana), and Defendants, the LLC, Ladner and the Estate (Florida).

9. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorneys' fees.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

11. Venue is proper in the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §1391(a), because the underlying lawsuit for which MedPro seeks a declaration that it has no duty to defend or indemnify is currently pending in Palm Beach County, Florida, which is within this District.

12. All conditions precedent to the institution of this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

13. In the Underlying Lawsuit, the Estate alleges that Margot Cacciatore resided at her home, where she was under the care of the LLC, and suffered a traumatic fall and developed a stage three/four bedsore while under the supervision of the LLC.

14. Specifically, the Underlying Lawsuit contains the following relevant allegations:

> 2. At all times material hereto MARGOT CACCIATORE resided at her home in Palm Beach County, Florida under the care of a home health company, JUNE LADNER, LLC.
>
> 3. At all times material hereto, Defendant, JUNE LADNER, LLC was authorized to and doing business in Palm Beach County, Florida.
>
> 4. At all times material hereto, Defendant, JUNE LADNER owned and operated JUNE LADNER, LLC.
>
> \*\*\*
>
> 6. At all times material hereto, Defendant JUNE LADNER maintained all direction and control of all caregivers who worked under JUNE LADNER, LLC, including caregiver, Defendant JULIE-ANN GLENN.
>
> 7. At all times material hereto, JUNE LADNER controlled the activities and manner in which tasks were to be performed by caregivers, including Defendant JULIE-ANN GLENN when she was in the home of MARGOT CACCIATORE.
>
> 8. At all times material hereto, Defendants required to provide MARGOT CACCIATORE with 24/7 home health care to include one-on-one supervision and assistance.
>
> 9. On February 9, 2022, MARGOT CACCIATORE suffered a traumatic fall while under the supervision of JUNE LADNER, LLC.
>
> \*\*\*
>
> 11. Mrs. Cacciatore presented to Bethesda Hospital East on February 9, 2022, where she was diagnosed with a not only a

3

   left hip intertrochanteric fracture but also a coccyx pressure ulcer described as a stage three/four bedsore, which developed under the Defendant's watch.

12. On February 11, 2022, she underwent an Open Reduction, Internal Fixation of the left intertrochanteric hip fracture with nailing.

13. The bedsore that occurred on Defendant's watch could not be healed as evidenced by the following photo taken on April 22, 2022.

14. MARGOT CACCIATORE succumbed to her death on February 7, 2023.

15. At all times material hereto JUNE LADNER and JUNE LADNER, LLC were vicariously liable for all acts and/or omissions of their agents and employees, including but not limited to the caregiver who was in the home at the time of the fatal fall and the caregivers responsible for the bedsore.

***

15. In the Underlying Lawsuit, the Estate asserts wrongful death claims and negligence survival claims against the LLC and Ladner.

16. MedPro has agreed to defend the LLC and Ladner with respect to the claims asserted by the Estate pursuant to a reservation of rights.

17. MedPro asserts that it has no duty to defend or indemnify the LLC and Ladner with respect to the claims asserted by the Estate.

18. The Estate has been named as a defendant in the present suit so the Estate will be bound by the Court's ultimate decree.

## THE APPLICABLE INSURANCE POLICY

19. MedPro issued two separate Multi-Specialty Healthcare Professional Policies to Ladner, Policy Certificate Nos. F47669, which were in effect from March 20, 2021 to March 20, 2022 ("the 2021-2022 Policy") and from March 20, 2022 to March 20, 2023 ("the 2022-2023

Policy"). The 2021-2022 Policy and the 2022-2023 Policy are collectively referred to herein as "the Policies." A true and correct copy of the 2021-2022 Policy is attached as **Exhibit 2** and true and correct copy of the 2022-2023 Policy is attached as **Exhibit 3**.

20. The Policies are subject to limits of liability in the amount of $1,000,000 per claim.

21. The Policies contain a Multi-Specialty Healthcare Professional – Certificate ("the Certificates").

22. Item 1(a) Named Insured of the Certificates identifies Ladner.

23. Item 1(b) Additional Insureds of the Certificates do not identify any additional insureds.

24. The Certificates identify Ladner's Professional Services Specialty as "Caregiver / Companion."

25. The Policies both contain a Multi-Specialty Healthcare Professional Master Policy Schedule of Insureds Endorsement, which provide as follows:

Item 1(a) of the **CERTIFICATE** is as follows:

| ITEM 1(a) NAMED INSURED | | | PROFESSIONAL SERVICES SPECIALTY | |
|---|---|---|---|---|
| CLASS | RETROACTIVE DATE* (If Applicable) | TYPE I) Individual E) Entity S) Student | MODIFIED COVERAGE ENDORSEMENT NUMBER | PREMIUM SURCHARGE TAXES (If Applicable) |
| June Ladner | | I | Not Applicable | Included |

Item 1(b) of the **CERTIFICATE** is as follows:

| ITEM 1(b) ADDITIONAL INSURED | AFFALIATED ITEM 1(a) NAMED INSURED | PREMIUM SURCHARGE TAXES (If Applicable) |
|---|---|---|
| | | |

5

26. The Policies' Professional Liability Insuring Agreement Occurrence provides, in relevant part, as follows:

> Throughout this Insuring Agreement the words **you** and **your**, refer to the **Named Insured(s)** designated in item 1(a) of **your Certificate**. The words **we**, **us** and **our**, refer to the **Company** providing this insurance.
>
> In consideration of the payment of the premium due, and in reliance upon the representations in **your** Application, **you** and **we** agree as follows, subject to the terms and conditions of this Policy, including **your** applicable Limits of Insurance:
>
> **I. COVERAGES**
>
>    A. Professional Liability
>       **We** shall pay those amounts an Insured is legally obligated to compensate others for damages resulting from an **event** based upon a **wrongful act**. The **wrongful act** must take place during **your policy period**.
>
>    \*\*\*
>
> **IV. DEFENSE COSTS, CHARGES AND EXPENSES**
>    A. **We** have the right and duty to defend any Insured at **our** expense, and in addition to the Limits of Insurance stated in **your Certificate**, for any **suit** brought against any Insured for a **claim**, even if the **suit** is groundless or fraudulent….
>
>    \*\*\*
>
> **VI. WHO IS AN INSURED**
>
>    A. The unqualified word Insured used in this Policy means:
>
>      1. **You**;
>
>      2. If **You**, as designated in Item 1(a) of **your Certificate** is an individual, then **your** spouse is also an Insured, but only with respect to the conduct of **your professional services**;
>
>      3. If **You**, as designated in Item 1(a) of **your Certificate** is a partnership or corporation, then **your** partners, executive officers, directors, or stockholders are also Insureds, but only with respect to the conduct of **your professional services**;
>
>      4. Any individual, partnership or corporation designated in Item 1(b) of **your Certificate** is an **Additional Insured**, but only for the **Additional Insured's** vicarious liability

       based solely on **professional services** rendered, or which should have rendered by **you** or any person for whose acts or omissions **you** are legally responsible;

    5. If **You**, as designated in Item 1(a) of **your Certificate**, is a student Healthcare Professional then **you** are an Insured, buy only with respect to the conduct of providing **professional services** for the school in which **you** are enrolled and for which **you** are under the supervision of an accredited or licenses training program; and,

    6. Any other Insured(s) identified in **your Certificate** or identified on an endorsement as listed in **your Certificate**.

    \*\*\*

27. The General Definitions included in the Policies provide, in pertinent part, as follows:

    Whenever used in this Policy:

    A. **Additional Insured(s)** means any person or entity stated in Item 1(b) of **your Certificate**.

    \*\*\*

    H. **Certificate** means the Certificate of Insurance page, including any Schedule of Insureds, if applicable provided to an Insured which describes specific information about the Insured, including but not limited to its **policy period**, coverages selected, specialty(ies), classification(s), limits of liability, policy number, and premium amounts.

    I. **Claim** means an express, written demand upon an Insured for money or services as compensation for civil damages.

    \*\*\*

    P. **Event** means an accident. All injuries arising from:
      1. the same or related acts, errors, or omissions; or,
      2. the continuous or repeated exposure to substantially the same harmful conditions,

    will be considered one **event**. For the purposes of this definition, all injuries to a mother and fetus (or fetuses) from conception through delivery shall constitute one **event**.

    \*\*\*

    Y. **Named Insured** means the person or entity designated in Item 1(a) of **your Certificate**.

7

   \*\*\*

AA.  **Patient** means an individual who is undergoing medical **treatment** and care that is directed by a certified/licensed practitioner of the healing arts, as required by law, toward maintenance, improvement or protection of health or lessening of illness, disability or pain.

   \*\*\*

HH. **Professional services** means **peer review** and medical **treatment** for those specialties listed in **your Certificate** or any other services listed by endorsement, for which an Insured is licensed as required by law, trained, and qualified to perform in the Insured's capacity as a Healthcare Professional. **Professional services** include services as an educator or as a member of a formal accreditation, standards review, or similar professional board or committee, including as a director or officer of such board or committee.

   \*\*\*

MM. **Treatment** means:[1]
   1. The rendering of medical, surgical, dental, or nursing services to a **patient**;
   2. The provision of medical examinations, opinions, or consultations regarding a person's medical condition within an Insured's practice as a certified/licensed health care provider, as required by law; or
   3. The furnishing of any of the following, but only as it relates to the rendering of medical, surgical, dental, or nursing services to a **patient**:
      a. counseling and social service;
      b. food and beverages; or,
      c. medical, surgical, or dental supplies, appliances, or drugs; or,
      d. **home care and hospice services.**

   \*\*\*

PP. **Wrongful act** means rendering of or failure to render **professional services** that results in injury.

   \*\*\*

QQ. **You** and **your** means the **Named Insured(s)** stated in Item 1(a) of **your Certificate** of identified on an endorsement as listed in **your Certificate**.

**Home Care and Hospice Care Services** means services, advice or instruction rendered to a patient including but not limited to those for the purposes of personal grooming and bathing; cleaning;

---

[1] Modified by the Home Health Provider Endorsement (Endorsement 19094).

8

      housekeeping; shopping; cooking; companion care and assistance with daily living; and the handling of procedures related to dead bodies, including autopsies and organ donations.[2]

      \*\*\*

28. The Policies are subject to the following General Exclusions:

      *I. EXCLUSIONS*

      This Policy shall not apply to any **claim** or **suit** based upon an **event**:

        \*\*\*

      B. **Arising** out of an Insured's ownership or operation of a hospital, clinic, or other facility or institution, which provides overnight bed and board; or an Insured's ownership, or other business enterprise not named as an Insured in **your Certificate**.

        \*\*\*

      M. Arising out of any business relationship outside of an Insured's provision of **professional services** to any past or present **patient** or client.

        \*\*\*

      U. Arising out of an Insured's performance of any **professional services**, business, or profession other than those listed in **your Certificate** or by endorsement.

      \*\*\*

## COUNT I
## (Declaratory Judgment)

29. MedPro realleges and incorporates by reference its allegations in paragraphs 1 through 28 above.

30. An actual, present and existing controversy has arisen between MedPro and the LLC and Ladner as to MedPro's obligations, if any, with respect to the claims asserted by the Estate against Ladner LLC and Ladner in the Underlying Lawsuit.

---

[2] Added to the Policies by the Home Health Provider Endorsement (Endorsement 19094).

31. MedPro seeks a judicial declaration of no duty to defend or indemnify the LLC and Ladner because of, but not limited to, the following reasons:

   a. The LLC does not qualify as an "Insured" under the Policies;

   b. Exclusion B. bars coverage because the Underlying Lawsuit arises out of Ladner's ownership or other business enterprise not named as an "Insured" in the Certificate;

   c. Exclusion M. bars coverage because the Underlying Lawsuit arises out of a business relationship outside of an "Insured's" provision of professional services to a patient or client; and

   d. Exclusion U. precludes coverage because the Underlying Lawsuit arises out of an "Insured's" provision of professional services, business or profession other than "Caregiver / Companion."

32. There is a *bona fide*, actual, present need for the declaration of MedPro's rights and obligations under the Policies, if any.

33. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policies and will, therefore, serve the interests of justice.

34. MedPro has no adequate remedy at law.

35. The Estate, as the third-party claimant, is named herein so it will be bound by the Court's ultimate decree.

WHEREFORE, MedPro demands judgment as follows:

That the Court enter a Declaratory Judgment declaring the rights, status, obligations and duties of the parties under the 2021-2022 Policy and the 2022-2023 Policy, including, but not limited to, the following:

A. Declaring that MedPro has no duty to defend or indemnify June Ladner LLC and June Ladner with respect to the claims being asserted by the Estate in the Underlying Lawsuit;

B. Declaring that MedPro is entitled to recoup from June Ladner LLC and/or June Ladner defense costs incurred by MedPro in the Underlying Lawsuit; and

C. Awarding MedPro any such further relief in law or in equity to which it may be entitled.

Dated this 3rd day of July, 2024.

TRAUB LIEBERMAN STRAUS
 & SHREWSBERRY LLP

/s/ *Michael K. Kiernan*
MICHAEL K. KIERNAN, Esq.
FBN: 391964
mkiernan@tlsslaw.com
ASHLEY R. KELLGREN, Esq.
FBN: 86021
akellgren@tlsslaw.com
55 First Street South
St. Petersburg, Florida 33701
(727) 898-8100 (Tel)
(727) 895-4838 (Fax)
Counsel for Plaintiff,
THE MEDICAL PROTECTIVE COMPANY